## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRY L. LUDIN, | CIVIL ACTION |
| Plaintiff, | JURY TRIAL DEMANDED |
| vs. | |
| SHANGY INC., and THOMAS EUGENE GREEN, | CIVIL ACTION NO. |
| Defendants. | |

### CIVIL ACTION COMPLAINT

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C.A Section 1332, because the claim is between citizens of different states and the matter in controversy exceeds the sum of $75,000.00.

### PARTIES

2. Plaintiff Harry L. Ludin is an adult resident of the State of New Jersey, residing at 215 Ward Avenue, Audubon, New Jersey.

3. Defendant Shangy, Inc. ("Shangy") is a Pennsylvania corporation with its principal place of business located at 40 E. Main Street, Emmaus, Lehigh County, Pennsylvania.

4. Defendant Thomas Eugene Green ("Green") is an adult resident of the Commonwealth of Pennsylvania residing at 1444 Main Street, Bethlehem, Northampton County, Pennsylvania.

## VENUE

5. This Court has venue over this matter pursuant to 28 U.S.C. §1391(a) because the subject incident occurred in Lower Southampton Township, Bucks County, Pennsylvania, Defendant Shangy's registered address and place of business is located in the Eastern District of Pennsylvania and Defendant Green is a resident of the Eastern District of Pennsylvania.

## STATEMENT OF FACTS

6. On August 5, 2019, at approximately 1 p.m., Plaintiff was operating his vehicle west on E. Street Road approaching its intersection with Central Avenue in Feasterville, Lower Southampton Township, Bucks County, Pennsylvania.

7. At the time alleged above, Green was the permissive operator a vehicle he was driving west on E. Street Road directly behind Plaintiff's vehicle that was stopped in traffic for a red light at E. Street Road's intersection with Central Avenue.

8. The vehicle operated by Green at the above time and place was a 2014 Hino truck, PA Title 73002720201, PA plate number ZFL3032, DOT number 2368124 owned and/or leased and/or maintained and/or controlled by Shangy that Green operated in furtherance of Shangy's business enterprises.

9. At all times relevant to Plaintiff's cause of action, Green was the agent, servant, workman or employee of Shangy, as defined in 49 CFR 390.5, acting with the course and scope of his agency.

10. At all times relevant to Plaintiff's cause of action, Shangy was a motor carrier whose operations are subject to the Federal Motor Carrier Safety Regulations ("FMCSR"), 49 CFR 303-399.

11. At the above alleged time and place, while Plaintiff was lawfully stopped for a traffic signal, Green failed to bring his truck to a stop within the assured clear distance ahead, striking Plaintiff's vehicle with sufficient force to cause him to suffer the personal injuries described herein.

12. As a result of the aforesaid collision, Plaintiff suffered multiple injuries to his head, neck, back, shoulders and extremities, as well as other injuries, the full extent of which are unknown at present, which caused, and continue to cause him great pain and suffering, preventing him from attending to his usual duties and occupation, and impairing his earning capacity, all of which may be permanent in nature.

13. As a result of the collision, Plaintiff suffered great physical pain and anguish; a loss of the enjoyment of his usual and daily activities and is hindered from engaging in his usual daily duties, occupations, pleasures and activities.

14. As a result of the collision, Plaintiff has been obliged to undergo medical care and to incur various expenses, and he may be obliged to expend such sums for an indefinite future time.

**COUNT I**
**PLAINTIFF v. SHANGY, INC.**

15. Plaintiff incorporates by reference paragraphs 1 through 14 of this Complaint.

16. At all times relevant to Plaintiff's cause of action, Green operated the aforesaid vehicle as the employee of Shangy, as defined in 49 CFR 390.5, and in furtherance of Shangy's motor carrier business.

17. At all times relevant to Plaintiff's cause of action, Green operated the aforesaid vehicle under the direction and control of Shangy and in accordance with schedules determined and directed by Shangy and at times and speeds in violation of 49 CFR 392.6.

18. Shangy knew, or in the exercise of reasonable care, should have known that Green operated the subject vehicle outside the time permitted in violation of 49 CFR 395.3; that Green was in a low state of mental arousal or fatigue at the time of the incident in violation of 49 CFR 392.3; and that Green's time logs were inaccurate in violation of 49 CFR 395.8.

19. Shangy failed to monitor and enforce driver operating and off duty time; failed to require and monitor driver logs; failed to enforce mandatory limits on driver time and failed to have an effective procedure in place to verify drivers' hours of service; and Shangy's auditing system was flawed thus allowing drivers to exceed hours of service limitations.

20. Shangy failed to determine that Green satisfied the General Qualification stated in 49 CFR 391.11; failed to conduct an Annual Inquiry and Review of Green's driving records in violation of 49 CFR 391.25; failed to determine that Green had knowledge of and complied with all regulations applicable to Shangy's motor carrier operations and failed to insure that its vehicle was operated in accordance with the laws, ordinances and regulations of the jurisdiction in which it was being operated and in violation of the regulations of the Federal Motor Carrier Safety Administration ("FMCSA") as required by 49 CFR 392.2.

21. Shangy negligently entrusted the operation and use of the aforesaid vehicle to Green when it knew or should have known that Green would operate and control the motor vehicle in a negligent manner, and in violation of the aforesaid regulations of FMCSA by:

(a) Permitting and allowing Green to use and operate Shangy's motor vehicle when it knew or should have known that Green was likely to use and operate the aforesaid motor vehicle in such a manner as to create an unreasonable risk or harm to others;

(b) Permitting and allowing Green to use and operate the aforesaid motor vehicle without proper supervision or training so as to create an unreasonable risk of harm to others.

**WHEREFORE,** Plaintiff demands judgment against Defendant Shangy Trucking Inc. in an amount in excess of $75,000.00 together with interest and costs.

## COUNT II
## PLAINTIFF v. THOMAS EUGENE GREEN

22. Plaintiff incorporates by reference paragraphs 1 through 14 of this Complaint.

23. The collision was caused by the negligence of Green consisting of the following:

    (a) Operating said motor vehicle at an excessive rate of speed under the circumstances;
    (b) Failing to have said motor vehicle under proper and adequate control under the circumstances;
    (c) Operating said vehicle without due regard to the rights, safety, and position of plaintiff;
    (d) Operating the vehicle in violation of hours and service regulations pursuant to 49 CFR 395.3;
    (e) Driving when too fatigued to operate the vehicle safely in violation of 49 CFR 392.3;
    (f) Driving in violation of the standards and regulations, including Part 395, of the Federal Motor Carriers Safety Administration;
    (g) Failing to maintain a log in the manner required by regulations, including Part 395, of the Federal Motor Carriers Safety Administration and 49 CFR 395.8;
    (h) Failing to properly record his duty status in violation of 49 CFR 395.8;
    (i) Failing to operate the vehicle within the marked lanes of the highway;
    (j) Operating the vehicle in a manner that violated Pennsylvania Statutes regarding the operation of motor vehicles; and,
    (k) Being inattentive.

**WHEREFORE,** Plaintiff demands judgment against Defendant Thomas Eugene Green in an amount in excess of $75,000.00 together with interest and costs.

**SILVERS, LANGSAM & WEITZMAN, P.C.**

BY:   /s/ John A. Lord
      John A. Lord, Esquire, Pa. Id. No. 16070
      Two Penn Center, Suite 1410
      1500 John F. Kennedy Boulevard

- 6 -

        Philadelphia, PA  19102
        215-227-2727
        215-563-6617 fax
        jlord@myphillylawyer.com
        Attorneys for Plaintiff Harry Ludin